**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Edward Wittkamper, ) | No. CV-05-2073-PHX-MHM (VAM) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Aaron Edward Wittkamper (Plaintiff), presently confined in the Cook Unit of the Arizona State Prison Complex - Eyman in Florence, Arizona (ASPC-Eyman), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.

Plaintiff has not paid a filing fee, but he has filed a certified "Application To Proceed

---

[1] When Plaintiff filed the Complaint, he was confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail).

**TERMPSREF** - 1 -

In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

## APPLICATION TO PROCEED IN FORMA PAUPERIS AND FILING FEE

Plaintiff's certified Application To Proceed and Account Statement filed with the Complaint make the showing required by 28 U.S.C. § 1915(a). Accordingly, Plaintiff's Application to Proceed will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred and fifty dollar ($250.00) statutory filing fee. Based on the average monthly deposits in Plaintiff's account for four (4) months preceding the filing of the Complaint, an initial partial filing fee of fifteen dollars and forty-one cents ($15.41) will be assessed by this Order. 28 U.S.C. § 1915(b)(1).

By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within one hundred and twenty (120) days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within one hundred and twenty (120) days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The Court is required to screen complaints or amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion

**TERMPSREF** - 2 -

thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

## COMPLAINT

Plaintiff alleges two (2) counts in his Complaint. (Complaint at 4-5).

Named as Defendant in the Complaint is Joseph Arpaio, Maricopa County Sheriff. (Complaint at 1-2).

Plaintiff seeks inspection and correction of unlawful conditions, contempt sanctions, general and equitable relief, and compensatory and punitive monetary damages. (Complaint at 7).

In Count I of the Complaint, Plaintiff claims that his Eighth Amendment rights are being violated by overcrowded living conditions. (Complaint at 4).

In Count II of the Complaint, Plaintiff claims that his Eighth Amendment rights are being violated by unsanitary living conditions. (Complaint at 5).

These allegations adequately state a claim, and the Court will require Defendant Joseph Arpaio to answer the Complaint.

## RULE 41(b) WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied. 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

(2) That Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred and

**TERMPSREF** - 3 -

1  fifty dollars ($250.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of
2  fifteen dollars and forty-one cents ($15.41).  All fees shall be collected and paid in
3  accordance with this Court's Order to the appropriate government agency filed concurrently
4  herewith;

5  (3)  That Defendant Joseph Arpaio is REQUIRED TO FILE an Answer to the "Civil
6  Rights Complaint By A Prisoner" (Document #1) (Complaint);

7  (4)  That the Clerk of the Court is DIRECTED to send Plaintiff a service packet
8  including a copy of this Order, a copy of the Complaint (Document #1), and both summons
9  and request for waiver forms for Defendant Joseph Arpaio;

10  (5)  That Plaintiff SHALL COMPLETE AND RETURN the service packet to the
11  Clerk of the Court within twenty (20) days of the date of filing of this Order.  The United
12  States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

13  (6)  That if Plaintiff does NOT either obtain a waiver of service of summons or
14  complete service of the summons and Complaint on Defendant within one hundred and
15  twenty (120) days of the date the Complaint was filed, or within sixty (60) days of the filing
16  of this Order, whichever is later, the ACTION MAY BE DISMISSED as to Defendant
17  pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(2)(B)(i) of
18  the Local Rules of Civil Procedure (LRCiv);

19  (7)  That the United States Marshal SHALL RETAIN the summons, a copy of the
20  Complaint, and a copy of this Order for future use;

21  (8) That the United States Marshal SHALL NOTIFY Defendant Joseph Arpaio of the
22  commencement of this action and REQUEST WAIVER OF SERVICE pursuant to Rule 4(d)
23  of the Federal Rules of Civil Procedure.  The notice to Defendant shall include a copy of this
24  Order. The Marshal shall file waivers of service of the summons or requests for waivers that
25  are returned as undeliverable as soon as they are received.  If a waiver of service of summons
26  is not returned by Defendant to the Marshall within thirty (30) days from the date the request
27  for waiver was sent by the Marshal, the Marshal shall:
28  (a) Personally serve copies of the summons, Complaint (Document #1), and

**TERMPSREF** - 4 -

this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(9) **That if Defendant agrees to waive service of the summons and Complaint, he SHALL RETURN the signed waiver form to the United States Marshal, not to Plaintiff**;

(10) That Defendant Joseph Arpaio SHALL ANSWER the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(11) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(12) That Plaintiff SHALL SERVE upon Defendant(s), or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or the counsel. Any paper

**TERMPSREF** - 5 -

1 received by a District Court Judge or Magistrate Judge which has not been filed with the
2 Clerk of the Court may be disregarded by the Court;

3 (13) That at all times during the pendency of this action, Plaintiff SHALL
4 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
5 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
6 ADDRESS." The notice shall contain only information pertaining to the change of address
7 and its effective date, except that if Plaintiff has been released from custody, the notice
8 should so indicate. The notice shall not include any motions for any other relief. Plaintiff
9 shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF
10 CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute
11 pursuant to Federal Rule of Civil Procedure 41(b);

12 (14) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to
13 LRCiv 72.1 and 72.2 for further proceedings.

14 DATED this 26th day of April, 2006.

_____
Mary H. Murguia
United States District Judge

**TERMPSREF** - 6 -