WO                                                                    **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Edward Wittkamper, | No. CV 05-2073-PHX-MHM-VAM |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss Count I for lack of exhaustion (Doc. # 10). Plaintiff responded, and Defendant replied (Doc. ## 16, 18). The Court will grant the Motion to Dismiss Count I.

**I. The Exhaustion Requirement**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

1 decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Analysis**

Plaintiff brought a Complaint claiming that the Durango Jail was severely overcrowded and unsanitary (Doc. # 1 at 4-5). In his Complaint, Plaintiff acknowledged that he did not file a request for administrative relief with respect to Court I, but he asserted that he was unable to file a grievance as to that claim (Id.). The Court required Defendant Maricopa County Sheriff Joseph Arpaio to answer the Complaint (Doc. # 5).

Defendant moved to dismiss Count I, contending that Plaintiff failed to exhaust remedies and that their records contained no grievances related to overcrowded conditions (Doc. # 10). In support, Defendant submitted the affidavit of Sergeant Zelean Tademy (Tademy Aff. ¶ 5, Ex. 1, Doc. # 10). Tademy asserts that he has searched Plaintiff's file for records of his grievances and no grievances were filed as to overcrowded conditions (Id.).

Plaintiff responded that he asked M.C.S.O. staff for forms to grieve the overcrowded conditions and he was denied (Doc. # 16 at 3). Consequently, Plaintiff argues there were no "available remedies" to him and therefore he was not required to exhaust his administrative remedies. (Doc. # 16). Plaintiff further maintains that if he had been able to utilize the grievance process with respect to overcrowding he would have. Plaintiff has not, however, specifically named any of the officers who refused his request for grievance forms nor has he described with any degree of specificity what transpired to prevent him from filing grievances.

Defendant replied that all issues may be grieved and that between April 1, 2005 and October 31, 2005, the time of Plaintiff's incarceration at the Durango Jail, inmates at the Durango Jail filed 2,344 grievances (Tademy Supp. Aff. ¶¶ 3-5, Ex. 2, Doc. # 18). Of these grievances, 142 were related to overcrowding (Id.). Tademy further attests that Plaintiff was successful in filing "numerous" grievances with respect to several issues, including the

1  cooling system, a malfunctioning urinal, a verbal altercation with a corrections officer, and
2  a lack of hot water (Doc. # 18, Ex. 1).
3       In light of Plaintiff's generalized allegation that detention officers told him that the
4  issue of overcrowding was not grievable, Defendant's evidence that the same issue was
5  frequently grieved during the time that Plaintiff was incarcerated at the Durango Jail, and the
6  fact that Plaintiff was able to utilize the grievance process for other issues, Defendant has
7  demonstrated that Plaintiff failed to exhaust available remedies with respect to overcrowding.
8       **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 10) is **granted**, and
9  Count I is dismissed without prejudice.  This action will continue with respect to Count II.
10      DATED this 12th day of February, 2007.

_____
Mary H. Murguia
United States District Judge