WO                                                                                           **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Edward Wittkamper,            ) | No. CV 05-2073-PHX-MHM-MHB |
|                          Plaintiff, ) | **ORDER** |
| vs.                                 ) | |
| Joseph M. Arpaio,                   ) | |
|                          Defendant. ) | |

Before the Court is Defendant's Motion for Summary Judgment (Doc. # 45). Plaintiff has not filed a Response. The Court will grant in part and deny in part Defendant's motion.

**I.    Background**

Plaintiff filed the instant action on July 13, 2005, alleging that the Durango Jail was extremely overcrowded and unsanitary (Doc. # 1 at 4-5). The Court ordered Defendant to answer the Complaint (Doc. # 5). Defendant then successfully moved to dismiss Count I based on Plaintiff's failure to exhaust his administrative remedies (Doc. ## 10, 32). As a result, the only remaining claim is Count II—unsanitary conditions.

**II.   Motion for Summary Judgment**

    **A.    Summary Judgment Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). These inferences are limited, however, "to those upon which a reasonable jury might return a verdict." Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1220 (9th Cir. 1995).

Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322-23. Rule 56(e) compels the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or denials of [the party's] pleading." The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party. Anderson, 477 U.S. at 249. Summary judgment is warranted if the evidence is "merely colorable" or "not significantly probative." Id. at 249-50.

### B. Defendant's Motion

Defendant has moved for summary judgment, arguing Plaintiff's action for damages must be dismissed because he has not suffered the requisite physical injury required under 42 U.S.C. § 1997e(e) (Doc. # 45 at 3). Defendants argue that because Plaintiff has only at most suffered *de minimis* injuries, his Complaint must be dismissed as a matter of law (id. at 4).

Under §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies *only* to claims for mental or emotional injuries and does not bar claims for compensatory, nominal or punitive damages. Id. at 630.

- 2 -

1       In <u>Oliver</u>, the Ninth Circuit found that back and leg pain, a painful canker sore, and undefined injuries from an assault by another prisoner were not more than *de minimis*. <u>Id.</u> Here, Plaintiff has alleged that he suffered from athlete's foot and a MRSA infection. Defendant argues that Plaintiff did not suffer from a MRSA infection, but rather a back abscess. While the parties dispute whether Plaintiff suffered from a MRSA infection or a back abscess, this dispute is not material. The medical records reflect that any injuries Plaintiff sustained resulting from being exposed to unsanitary conditions were nothing more than *de minimis*. Plaintiff thus fails to satisfy the requirement under § 1997e(e) and therefore is not entitled to damages for emotional injury. <u>See id.</u> at 627-29.

      This conclusion, however, does not bar Plaintiff's claims for compensatory, nominal, and punitive damages that are not premised on emotional injury. In <u>Oliver</u>, plaintiff sought punitive damages, which the court construed as "consistent with a claim for nominal damages." <u>Id.</u> at 630. It determined that even absent physical injury, a prisoner was entitled to seek compensatory, nominal and punitive damages premised on violations of his Fourteenth Amendment rights. <u>Id.</u> at 629-30. In his Complaint, Plaintiff alleged a violation of his constitutional rights and specifically sought declarative, compensatory, and punitive damages in his request for relief (Doc. # 1 at 7). Thus, to the extent that Plaintiff has actionable claims for compensatory, nominal, and punitive damages based on violations of his Eighth Amendment rights, his claims are not barred by § 1997e(e). As a result, Defendant's motion will be granted in part and denied in part on this basis.

**IT IS ORDERED:**

      1. Defendant's Motion for Summary Judgment is **granted in part and denied in part**. Plaintiff may not seek damages premised on emotional injury. Plaintiff's claim for declarative, compensatory, and punitive damages based on alleged violations of his constitutional rights may proceed.

///

///

///

- 3 -

1  2. This case will proceed to trial barring either party's motion for leave to file an untimely
2 dispositive motion.
3  DATED this 2nd day of May, 2008.

_____
Mary H. Murgula
United States District Judge